IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GROVER LEE ROGERS,

    Plaintiff,

v.

KLAMATH COUNTY; et al.,

    Defendants.

Civil No. 04-3037-CO

FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

In this civil rights action, plaintiff alleges federal and state claims for unlawful imprisonment and battery. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Defendants have filed a motion for partial summary judgment (#31). The time for response has passed, and plaintiff has not filed any response to defendants' motion.[1]

## I. FACTS

In making the following findings of fact, the court considers the evidence in the light most

---

[1] Defendants' certificate of service and affidavit of counsel in support of its motion indicate that defendants' motion for partial summary judgment was served on plaintiff at an address different from the court's addresses of record. Pursuant to verification of plaintiff's address under Local Rule 83.10, the clerk of the court learned that plaintiff's counsel was served with defendants' motion papers.

Findings and Recommendation - 1

favorable to the non-moving party[2]:

1. On May 9, 2002, the plaintiff was arrested on charges of Kidnap II, Assaulting a Public Safety Officer, Attempting to Elude a Police Officer, Resisting Arrest, Reckless Driving, and Obstructing Governmental Administration. (Ex. 101 to Affidavit of Robert E. Franz, Jr., Crime Incident Report of Sean Ferns).

2. On May 23, 2002, the plaintiff was indicted on charges of Assaulting a Public Safety Officer, Attempt to Elude, Menacing, and Resisting Arrest. (Ex. 102 to Affidavit of Robert E. Franz, Jr., Indictment Information Sheet).

3. In the course of the criminal proceedings, a motion to suppress hearing was held on December 11, 2002. At the hearing, the plaintiff alleged that the stop of the plaintiff was unlawful. The trial court denied the plaintiff's motion to suppress. (Exhibit 103 to Affidavit of Robert E. Franz, Jr., CourtSmart Tag Report).

4. On May 28, 2003, the plaintiff was convicted of two counts of Resisting Arrest for his conduct on May 9, 2002. (Exhibit 104 to Affidavit of Robert E. Franz, Jr., Judgment in State of Oregon v. Grover Rodgers, Case No. 02-01 196CR).

5. Klamath County has no policy or custom of tolerating unconstitutional conduct toward other persons by the officers of the Klamath County Sheriff's Office. Klamath County also has no policy or custom of exhibiting deliberate indifference to the constitutional rights of persons in Klamath County, Oregon. Finally, Klamath County has no policy or custom of inadequately or improperly investigating citizen complaints of police misconduct, or of inadequately supervising or training the

---

[2] Because plaintiff has not filed any concise statement of material facts in response to defendants' concise statement, defendants' facts are deemed admitted pursuant to Local Rule 56.1(f).

law enforcement officers of the Klamath County Sheriff's Office. (Affidavit of Timothy Evinger).

## II. LEGAL STANDARDS

A moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact . . . ." Fed. R. Civ. P. 56©); Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). If the moving party presents evidence which, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted, in the absence of any significant probative evidence tending to support the opposing

Findings and Recommendation - 3

party's theory of the case. THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

### III. DISCUSSION

Defendants move for summary judgment on all claims against Klamath County and for summary judgment on the first, third and fourth claims against the individual officers,.

**First claim: § 1983 claim - unlawful imprisonment**

Plaintiff pleads a § 1983 claim, alleging that the officers violated his Fourth and Fourteenth Amendment rights by unlawfully arresting and detaining him. Defendants contend that plaintiff's first claim is barred by the rule of Heck v. Humphrey, 512 U.S. 477 (1994), which bars an unlawful imprisonment claim under § 1983 that necessarily implies the invalidity of a prior state court conviction.

> In Heck, the United States Supreme Court held that,
>
> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (fn. omitted). If a judgment in favor of a plaintiff would necessarily imply the

Findings and Recommendation - 4

invalidity of the conviction or sentence, the complaint must be dismissed unless plaintiff demonstrates that the conviction or sentence has been invalidated. Id.; Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) [plaintiff's claim that defendants violated his due process rights in finding him ineligible for parole constituted a collateral attack on the denial of parole and subsequent incarceration which was not permitted by Heck]; Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.) (1995) ["In addition to convictions and sentences, Heck applies to proceedings which call into question the fact or duration of parole [and] should also apply to proceedings that call into question the fact or duration of probation." (citation omitted)]; Crow v. Penry, 102 F.3d 1086 (10th Cir. 1996) [suit against probation officer, probation department, and United States Parole Commission for alleged violations resulting in arrest as a parole violator, revocation of parole, and additional periods of incarceration, necessarily implied the invalidity of plaintiff's parole revocation and was not permitted under Heck].

The Heck Court also noted that its holding would apply to former state prisoners who are no longer in custody. 512 U.S. at 490 n.10. The Ninth Circuit has determined, following the Supreme Court's decision in Spencer v. Kemna, 523 U.S. 1 (1998), that exceptions may apply to Heck's bar for plaintiffs no longer in custody, see Nonnette v. Small, 316 F.3d 872 (2002), cert. denied, 540 U.S. 1218 (2004), but relief from Heck's bar "'affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters,' not challenges to an underlying conviction," Guerrero v. Gates, 357 F.3d 911, 917-18 (9th Cir. 2004) (quoting Nonnette, 316 F.3d at 878 n.7).[3]

An arrest is lawful under the Fourth Amendment if supported by probable cause to believe

---

[3] It appears from the record that plaintiff is no longer "in custody."

that a crime has been committed. United States v. Watson, 423 U.S. 411, 417 (1976). The record shows that plaintiff was convicted of the crime of resisting arrest. Accordingly, if the trier of fact held in favor of plaintiff on his § 1983 claim that the officers unlawfully arrested him, that finding would necessarily imply the invalidity of his conviction for the crime, which is not permitted by Heck. See Heck, 512 U.S. at 486 n.6. Plaintiff offers no opposition to defendant's argument that his first claim is barred by Heck. Summary judgment should be entered in favor of all defendants on plaintiff's first claim on the ground that plaintiff's first claim pursuant to § 1983 is barred by Heck.

Defendants also contend that plaintiff is precluded by the doctrine of issue preclusion from relitigating the validity of his arrest. Collateral estoppel, or issue preclusion, applies to actions brought under § 1983. Allen v. McCurry, 449 U.S. 90 (1980). The Court held that, under the Full Faith and Credit Act, 28 U.S.C. § 1738, collateral estoppel could preclude relitigation of issues of fact or law decided and necessary to a state court judgment in a later § 1983 suit involving a party to the first case. See Haring v. Prosise, 462 U.S. 306 (1983). The Court has, therefore, rejected any argument that, "every person asserting a federal right is entitled to one unencumbered opportunity to litigate that right in a federal district court, regardless of the legal posture in which the federal claim arises." Allen, 449 U.S. at 103. A limitation on application of preclusion is that the litigant must have had a "full and fair opportunity" to litigate the issue in the earlier case. Id. at 94; Montana v. United States, 440 U.S. 147 (1979). The federal courts must apply state law in determining the extent of preclusion. Migra v. Warren City Sch. Dist Bd. of Educ., 465 U.S. 75, 81 (1984); Valley Wood Preserving, Inc. v. Paul, 785 F.2d 751, 753 (9th Cir. 1986).

In Oregon,

Three elements are necessary in order for a litigant to be barred from relitigating an

issue decided in a previous action in which the litigant or one in privity with the litigant was a party: (1) the prior action must have resulted in a final judgment, (2) the issue or determinative fact to be established in the second case is identical to one which must have been determined in order for the result in the first case to have been reached, and (3) the party against whom the adverse judgment was previously rendered was given a "full, complete, and fair opportunity to litigate the issue." Bahler v. Fletcher, 257 Or. 1, 19 [] (1970).

Universal Ideas Corp. v. Esty, 68 Or. App. 276, 279-80 (1984). Issue preclusion applies to all issues "actually" and "necessarily" litigated in the previous case, Holmgren v. Westport Towboat Co., 260 Or. 445, 450-51 (1971) (citations omitted); Smejkal v. Rice, 273 Or. 687, 692 (1975); Flowers v. Campbell, 81 Or. App. 437, 439 (1986).

It is undisputed that, in the course of the criminal proceedings against plaintiff on charges of assaulting a public safety officer, attempt to elude, menacing, and resisting arrest, plaintiff alleged during his motion to suppress hearing that the stop was unlawful and that the motion to suppress was denied. Further, the jury found beyond a reasonable doubt that plaintiff had committed the crime of resisting arrest. Plaintiff offers no opposition to defendants' argument that his first claim is precluded by issue preclusion. Accordingly, the doctrine of issue preclusion precludes plaintiff from relitigating the issue of the lawfulness of his arrest and detention in this proceeding. See Donovan v. Thames, 105 F.3d 291, 298 (6th Cir. 1997); Simmons v. O'Brien, 77 F.3d 1093, 1096-97 (8th Cir. 1996). Summary judgment should be granted as to plaintiff's first claim on the ground that it is precluded by issue preclusion.

**Second claim: § 1983 claim - battery**

Plaintiff alleges that Klamath County knew or should have known of defendant officers' actions and failed or refused to discipline the officers and/or failed to take timely action to prevent these officers from provoking, assaulting, and harassing plaintiff, thus, having a de facto policy or

Findings and Recommendation - 7

custom of tolerating the officers' actions which caused a violation of his constitutional rights; that the County developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in Klamath County which caused the violation of his rights; that it was the policy and/or custom of the County to inadequately and improperly investigate citizen complaints of police misconduct, causing such acts to be tolerated by the County; and that it was the policy and/or custom of the County to inadequately supervise and train its law enforcement officers, including defendant officers, thereby failing too adequately discourage further constitutional violations on the part of its officers, all of which demonstrated a deliberate indifference to the constitutional rights of persons within the Klamath County of Ashland and were the cause of the constitutional violations alleged. Defendants contend that plaintiff's second claim is barred as it relates to the County because no unconstitutional policy exists for which the County may be liable under § 1983.

Municipalities are not liable under respondeat superior principles for constitutional violations of their employees, simply because of the employment relationship. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 692-694 (1978). Municipal liability results "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." Id. at 694; Mateyko v. Felix, 924 F.2d 824, 826 (9th Cir.1991). A municipality can be liable only when its policy or custom is the moving force behind the particular constitutional violation. Id. There must be a direct causal link between the policy or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385 (1989). The inadequacy of training may be a basis for county liability only where the failure to train amounts to deliberate indifference to the rights of citizens, that is, in light of the municipal

employee's duties, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need. Id. at 390.

Here, the undisputed facts before the court show that Klamath County has no policy or custom of tolerating unconstitutional conduct toward other persons by the officers of the Klamath County Sheriff's Office; it has no policy or custom of exhibiting deliberate indifference to the constitutional rights of persons in Klamath County; and it has no policy or custom of inadequately supervising or improperly investigating citizen complaints of police misconduct, or of inadequately supervising or training the law enforcement officers of the Klamath County Sheriff's Office. Plaintiff offers no opposition to defendants' argument that defendant County has no unconstitutional policies as alleged in his complaint. Accordingly, defendants are entitled to summary judgment as to plaintiff's second claim against defendant Klamath County.

**Third claim: Common law unlawful imprisonment**

Plaintiff alleges that defendant officers intentionally and unlawfully arrested and detained him, causing him damage. Defendants contend that plaintiff's arrest was lawful and privileged if it was based on probable cause to believe that he committed the crime of resisting arrest, and because the jury found beyond a reasonable doubt that plaintiff committed the crime of resisting arrest, the lawfulness of his arrest is established as a matter of law. Defendants contend that the issue cannot be relitigated and the doctrine of issue preclusion bars his third claim.

False imprisonment, also known as false arrest, Hylton v. Phillips, 270 Or. 766, 767 (1974), is "'the unlawful imposition of restraint on another's freedom of movement,'" Buckel v. Nunn, 133 Or. App. 399, 405 (1995) (citation omitted); Hiber v. Creditors Collection Serv. of Lincoln County,

Findings and Recommendation - 9

Inc., 154 Or. App. 408, 413 (1998). Plaintiff must show that: 1) defendant confined plaintiff; 2) defendant intended the act that caused the confinement; 3) plaintiff was aware of the confinement; and 4) the confinement was unlawful. Hiber, 154 Or. App. at 413. Where the facts are undisputed, proof that probable cause existed for the detention can be a complete defense to a false arrest/ imprisonment claim. See Buckel, 133 Or. App. at 407.

The undisputed facts do not support the element that plaintiff's confinement complained of was unlawful. The record shows that plaintiff was convicted of two counts of resisting arrest, thus, probable cause existed for plaintiff's arrest. See ORS 133.310(1); ORS 162.315(4). Plaintiff offers no opposition to defendants' motion for partial summary judgment as to his third claim. The court finds that defendants are entitled to summary judgment as to plaintiff's third claim of common law unlawful imprisonment.

**Fourth claim - common law battery**

Plaintiff alleges that defendant officers intentionally and unlawfully struck and battered him, causing him damage. Defendants contend that defendant officers were authorized by ORS 161.235 to use physical force upon plaintiff to arrest him and plaintiff is precluded by virtue of his conviction from asserting that his arrest was unlawful. They contend that, because the lawfulness of plaintiff's arrest is conclusively established by his conviction, it is also conclusively established that the officers were privileged to use force to effectuate his arrest, and the use of force was lawful.

Battery is any intentional use of force or offensive contact upon the person of another. Cook v. Kinzua Pine Mills Co., 207 Or. 34, 48-49. (1956). ORS 161.235 provides in pertinent part that, "Except as provided in ORS 161.239, a peace officer is justified in using physical force upon another person only when and to the extent that the peace officer reasonably believes it necessary." ORS

Findings and Recommendation - 10

161.239 provides for circumstances when a peace officer may use deadly physical force. ORS 161.245 provides in pertinent part that, "A peace officer who is making an arrest is justified in using the physical force prescribed in ORS 161.235 and 161.239 unless the arrest is unlawful and is known by the officer to be unlawful."

Here, there is no evidence before the court of the physical contact between plaintiff and defendant officers during plaintiff's arrest. In the case relied upon by defendants in support of their contention that, "It is a defense to a common law battery action that an officer used physical force to effectuate an arrest pursuant to his authority under ORS 161.235," (Defs. Mem. at 10), the court concluded that,

> The evidence we have reviewed indicates that the evidence of assault was that the physical violence exerted by the officers against plaintiff was no more than necessary to accomplish the legitimate purpose of fulfilling their duty. Therefore, it was justified, as a matter of law, and there was no question to submit to the jury as to the cause alleging assault and battery. ORS 161.235, 161.245, 162.315.

Gigler v. City of Klamath Falls, 21 Or. App. 753, 763 (1975). Plaintiff alleges more than an offensive touching; he alleges that defendant officers "unlawfully struck and battered" him. (Compl. at 7, ¶ 27.) He incorporates paragraph 20 into his fourth claim, in which he alleges that defendant officers violated his rights by "unlawfully and intentionally striking and kicking" him. (Compl. at 6, ¶ 20.) Here, there are no facts from which the court can determine whether the physical violence exerted by defendant officers was no more than necessary to accomplish the legitimate purpose of fulfilling their duty, such that, as a matter of law, defendant officers' actions were justified. On this record, the court finds that defendants fail to sustain their burden of proof on summary judgment as to plaintiff's fourth claim. Defendants' motion for partial summary judgment on plaintiff's fourth claim should be denied.

## IV. FINDINGS AND RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion for partial summary judgment (#31) be granted in part and denied in part: defendants' motion for partial summary judgment as to plaintiff's first and third claims should be granted as to all defendants, defendants' motion for partial summary judgment as to plaintiff's second claim should be granted as to defendant Klamath County, and defendants' motion for partial summary judgment as to plaintiff's fourth claim should be denied.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections.* **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this __17____ day of May, 2005.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE