IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GROVER LEE ROGERS,

    Plaintiff,

v.

KLAMATH COUNTY; et al.,

    Defendants.

Civil No. 04-3037-CO

FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

In this civil rights action, plaintiff alleges federal and state claims for unlawful imprisonment and battery. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. In a previous order, plaintiff's first and third claims were dismissed as to all defendants, and plaintiff's second claim was dismissed as to defendant Klamath County. (#43 June 13, 2005, Order.) Defendants have filed a second motion for summary judgment (#44), to which plaintiff has responded.

### I. FACTS

In making the following findings of fact, the court considers the evidence in the light most favorable to the non-moving party[1]:

---

[1] Because plaintiff has not filed any concise statement of material facts in response to defendants' concise statement, defendants' facts are deemed admitted pursuant to Local Rule

Findings and Recommendation - 1

1. On Thursday, May 9, 2002, at approximately 0726 hours, Civil Deputy Terri Alexander, with Klamath County Sheriff's Office, was at 5858 Shasta Way serving civil papers. She requested back-up to her location at 5858 Shasta Way. (Exhibit 101 to Affidavit of Montgomery, Crime/Incident Report).

2. Klamath County Deputies James Long and Sean Ferns responded to the location from the Klamath County Sheriff's Office. (Exhibit 101 to Affidavit of Montgomery).

3. While the deputies were en route, Deputy Alexander contacted Deputy Ferns and advised him that plaintiff had just left in a white pickup truck. She told Deputy Ferns that plaintiff had prevented her from leaving 5858 Shasta Way, and that plaintiff had tried to hit her vehicle with his white pickup truck while she was trying to leave. Deputy Ferns told Deputy Long what Deputy Alexander had told him, and Deputy Long pursued plaintiff. (Exhibit 101 to Affidavit of Montgomery).

4. Deputy Long pulled into the westbound lane of Shasta Way and tried to force the white pickup driven by plaintiff to the shoulder and to a stop. Deputy Long's overhead emergency lights were on at the time. The pickup driven by plaintiff continued to drive straight at Deputy Long, forcing him to move back over to the eastbound lane to prevent a head-on collision. The pickup truck then continued west on Shasta Way. (Exhibit 101 to Affidavit of Montgomery; Affidavit of James Long).

5. Deputy Long pursued plaintiff's truck, and activated his siren, since plaintiff had not yielded to the overhead lights. Plaintiff continued to drive his pickup truck. Deputy Long relayed to Deputy Ferns his position, and Deputy Ferns responded east on Shasta Way from Madison Street. (Exhibit 101 to Affidavit of Montgomery).

6. Once on Shasta Way, plaintiff turned west once more. Deputy Ferns drove partially into the

---

56.1(f).

Findings and Recommendation - 2

westbound lane to attempt to force plaintiff to the shoulder and stop. Plaintiff stopped in the middle of the westbound lane between 5910 and 5858 Shasta Way. Deputy Ferns ordered plaintiff out of the pickup. (Exhibit 101 to Affidavit of Montgomery).

7. Plaintiff exited his vehicle and stood next to the open driver's door. Deputy Ferns ordered plaintiff to lie down on the ground several times. Plaintiff ignored the orders. (Exhibit 101 to Affidavit of Montgomery).

8. The deputies then attempted to take plaintiff into custody. Plaintiff resisted the officers' attempts to take him into custody. (Exhibit 101 to Affidavit of Montgomery; Exhibit 102 to Affidavit of Montgomery, Judgment in *State of Oregon v. Grover Rodgers*,[2] Case No. 02-01196CR).

9. While plaintiff was resisting his arrest by Deputy Ferns and Deputy Long, Detective Holloway arrived to assist in making the arrest. The three officers were eventually able to handcuff plaintiff and take him into custody. (Exhibit 101 to Affidavit of Montgomery).

10. Lieutenant Dailey arrived after plaintiff was already handcuffed, and did not use any force on plaintiff. (Affidavit of Rod Dailey).

11. The force used by the deputies to effectuate the arrest was reasonable and necessary, and consistent with their training as law enforcement officers. The force used was necessary to overcome the resistance by plaintiff to the officers' lawful attempts to arrest him. The force used was consistent with the standards and practices in the law enforcement community related to the use of force in making arrests. (Affidavit of Sean Ferns; Affidavit of James Long; Affidavit of Monty Holloway).

12. On May 28, 2003, plaintiff was convicted of two counts of Resisting Arrest for his conduct on May 9, 2002. (Exhibit 102 to Affidavit of Montgomery).

---

[2] Plaintiff's name is spelled "Rodgers" in Exhibit 102 to Montgomery Affidavit.

Findings and Recommendation - 3

## II. LEGAL STANDARDS

A moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact . . . ." Fed. R. Civ. P. 56©); Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). If the moving party presents evidence which, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94

(9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

## III. DISCUSSION

Defendants move for summary judgment on the second claim as against the individual officers, and on the fourth claim.

**Second claim: § 1983 claim - battery**

Plaintiff pleads a § 1983 claim, alleging that officers Holloway, Ferns, Long, and Dailey violated his Fourth and Fourteenth Amendment rights by unlawfully and intentionally striking and kicking him causing him harm. Defendants contend that they are entitled to summary judgment on this claim on the grounds of qualified immunity because it is undisputed that the force used by them was reasonable and no more than necessary to overcome plaintiff's resistance to the officer's lawful attempts to arrest him. Defendants contend that plaintiff's conviction for two counts of resisting arrest bars his claim for section 1983 excessive force. Defendants also contends that plaintiff's second claim is barred by the rule of Heck v. Humphrey, 512 U.S. 477 (1994), which bars an excessive force claim under § 1983 that necessarily implies the invalidity of a prior state court conviction, and contends that plaintiff is also barred by the doctrine of issue preclusion from relitigating the issue of whether the force used by the officers was excessive. Plaintiff responds that it is not undisputed that the force used on him was either reasonable or necessary. Plaintiff contends that the doctrine of qualified immunity does not apply when officers "exceed the reasonable," and

Findings and Recommendation - 5

whether the officers did so is a question of fact. (Pl. Resp. at 1.)

Qualified immunity shields government agents from suit for damages if a reasonable official could have believed that his or her conduct was lawful, in light of clearly established law and the information possessed by the official. Anderson v. Creighton, 483 U.S. 635, 637-39, 641 (1987); Hunter v. Bryant, 502 U.S. 224 (1991) (per curiam). This standard shields all government officials except those who are either plainly incompetent or who knowingly violate the law. Malley v. Briggs, 475 U.S. 335, 341 (1986). To determine if a defendant is entitled to qualified immunity, the court employs the sequential analysis set forth by the Supreme Court in Saucier v. Katz, 533 U.S. 194 (2001).

First, the court must ask whether the facts alleged by plaintiff, taken in the light most favorable to plaintiff, establish a constitutional violation. Id. at 201; Robinson v. Solano County, 278 F.3d 1007, 1013 (9th Cir. 2002) (en banc). If no constitutional right would have been violated under the facts alleged, then the analysis ends. Saucier, 533 U.S. at 201. If a violation could be established under the facts alleged, the court will then consider whether the right was clearly established. Id.; Robinson, 278 F.3d at 1013. This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." Saucier, 533 U.S. at 201. The court must determine whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Id. at 202. If the law does not put an officer on notice that his conduct was clearly unlawful, summary judgment based on qualified immunity is appropriate. Id.

The use of excessive force during an arrest, an investigatory stop, or other seizure violates a person's Fourth Amendment rights. Graham v. Connor, 490 U.S. 386 (1989). The standard for determining whether an officer used excessive force is whether the officer's actions were objectively

Findings and Recommendation - 6

reasonable in light of the facts and circumstances confronting the officer.  <u>Id</u>. at 397.

In determining whether the force used by the officer was objectively reasonable under the Fourth Amendment, the court should balance ""'the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the countervailing governmental interests at stake." <u>Id</u>. At 396.  The "reasonableness" of a particular application of force depends on the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Id</u>.  This inquiry must be "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," viewed objectively.  <u>Id</u>.  Accordingly, "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' <u>Johnson v. Glick</u>, 481 F.2d [1028, 1033 (2d Cir. 1973], violates the Fourth Amendment.  The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." <u>Graham</u>, 490 U.S. at 396-397.

It is undisputed on this record that the force used by the officers involved in arresting plaintiff was reasonable and necessary, and consistent with their training as law enforcement officers; that the force used was necessary to overcome the resistance by plaintiff to the officers' lawful attempts to arrest him; and that the force used was consistent with the standards and practices in the law enforcement community related to the use of force in making arrests.  It is further undisputed that plaintiff was convicted of two counts of resisting arrest for his conduct on May 9, 2002.  While plaintiff refers to testimony offered at the criminal trial that he stood with his hands raised when an

Findings and Recommendation - 7

officer ran at him, kicked him, and started striking him, and that the officers used night sticks, he offers no evidence in support which would raise a material issue of fact.

Here, there is no evidence that any officer used excessive force against plaintiff while arresting him; the undisputed evidence is that the force used was reasonable and necessary. Plaintiff was convicted of resisting arrest. Plaintiff offers no evidence in support of his claim that his constitutional right to be free from excessive force was violated. On the threshold inquiry of whether, taking the facts alleged by plaintiff in the light most favorable to him, plaintiff has established a constitutional violation, the court finds that no constitutional violation is shown on the record. Accordingly, the qualified immunity analysis ends. Defendants' motion for summary judgment as to plaintiff's second claim against the individual defendants should be granted.[3]

**Fourth claim - common law battery**

Plaintiff alleges that defendant officers intentionally and unlawfully struck and battered him, causing him damage. Defendants contend that defendant officers were authorized by ORS 161.235 to use physical force upon plaintiff to arrest him and plaintiff is precluded by virtue of his conviction from asserting that his arrest was unlawful. They contend that, because the lawfulness of plaintiff's arrest is conclusively established by his conviction, it is also conclusively established that the officers were privileged to use force to effectuate his arrest, and the use of force was lawful.[4] They also contend that plaintiff's battery claim is precluded by Heck, supra, and by the doctrine of issue preclusion. Plaintiff responds that a dispute exists as to whether the actions of the officers were

---

[3] The court has dismissed the second claim as to defendant Klamath County in a previous ruling.

[4] Defendants rely on their previous briefing with respect to the state law authority of peace officers to use force to effectuate arrests.

Findings and Recommendation - 8

lawful and privileged and the question of what is reasonable in the circumstances is a question of fact for the jury to decide.

Battery is any intentional use of force or offensive contact upon the person of another. Cook v. Kinzua Pine Mills Co., 207 Or. 34, 48-49 (1956). ORS 161.235, applicable to making arrests, provides in pertinent part that, "Except as provided in ORS 161.239, a peace officer is justified in using physical force upon another person only when and to the extent that the peace officer reasonably believes it necessary: (1) To make an arrest . . . unless the peace officer knows that the arrest is unlawful; . . . ." ORS 161.239 provides for circumstances when a peace officer may use deadly physical force. ORS 161.245 provides in pertinent part that, "A peace officer who is making an arrest is justified in using the physical force prescribed in ORS 161.235 and 161.239 unless the arrest is unlawful and is known by the officer to be unlawful." ORS 161.245(2).

On this record it is undisputed that plaintiff resisted the officers' attempts to take him into custody; the officers were eventually able to handcuff plaintiff and take him into custody; and that the force used by the officers involved in arresting plaintiff was reasonable and necessary, and consistent with their training as law enforcement officers; that the force used was necessary to overcome the resistance by plaintiff to the officers' lawful attempts to arrest him; and that the force used was consistent with the standards and practices in the law enforcement community related to the use of force in making arrests. It is further undisputed that plaintiff was convicted of two counts of resisting arrest for his conduct on May 9, 2002. See Gigler v. City of Klamath Falls, 21 Or. App. 753, 763 (1975) (evidence that the physical violence exerted by the officers was no more than necessary to accomplish the legitimate purpose of fulfilling their duty and, therefore, there was no question to submit to the jury). On this record, the court finds that defendants' motion for summary

judgment on plaintiff's fourth claim should be granted.

## IV. FINDINGS AND RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion for summary judgment (#44) be granted, and that judgment be entered in favor of all defendants and dismissing this action with prejudice.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this __22___ day of September, 2005.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE